**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**MICHAEL CLAYTON EARNEST,**

                    Petitioner,

**v.**                                                    **Civil Action No.:5:18cv214
                                              (Judge Stamp)**

**JENNIFER SAAD, Warden,**

                    Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On December 28, 2018, Michael Earnest ("Petitioner" or "Defendant"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). The Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction from the Northern District of Alabama. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.   BACKGROUND[1]

On August 26, 2009, the Petitioner was named in a five count indictment along with one other defendant. The Petitioner was charged in four counts. In Count One, he

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER and all ECF numbers are from that case.  See <u>United States v. Earnest</u>, 6:09-cr-349-VEH-TMP (ALND).  <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

and his codefendant were charged with conspiracy to knowingly possess a "firearm," that is a "destructive device" as that term is defined in 26 U.S.C. § 5845, that was not registered to the in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d), all in violation of 18 U.S.C. § 371. Count Two charged that the Petitioner and his codefendant knowingly possessed a "firearm," that was a "destructive device" as that term is defined in Title 26 U.S.C. § 5845, that was not registered to them in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d) and 5871 and 18 U.S.C. § 2. Count Three of the indictment charged that the Petitioner, a convicted felon, did knowingly possess in and affecting commerce a firearm, that is, a destructive device, as that term is defined in 18 U.S.C. § 921(a)(4)(A), in violation of 18 U.S.C. § 922(g). Finally, Count Five of the indictment charged that the Petitioner, a convicted felon, knowingly possess in and affecting commerce a firearm and ammunition, that is, a Remington .20 gauge shotgun, a Kel-Tec 5.56 mm pistol a New England Arms 12 gauge shotgun and multiple rounds of .223 caliber ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No. 8.

On November 30, 2009, the Petitioner signed a plea agreement in which he agreed to plead guilty to Counts One, Two, Three and Five of the indictment. In exchange, the United State agreed to file a Motion pursuant to USSG § 5K1.1 requesting a downward departure in his sentence if the Petitioner provided assistance that rose to the level of "substantial assistance." In addition, the United States agreed that should any of the counts of conviction subject the Petitioner to a mandatory minimum sentence, it might a sentence reduction below said mandatory minimum sentence by including in its motion a recommendation pursuant to the provisions of 18

U.S.C. § 3553(e). The plea agreement acknowledged that because the Petitioner's plea was being offered in accordance with Rule 11(c)(1)(B), Fed.R.Crim.P., the Court would not be bound by the government's recommendation and could choose not to reduce the sentence at all. Finally, in the absence of substantial assistance, the United States agreed that the Petitioner: (1) be awarded an appropriate reduction in the offense level for acceptance of responsibility; (2) be remanded to the custody of the BOP and incarcerated at the low end of the sentencing guidelines; (3) following his term of imprisonment, be placed on supervised release for a period of years; (4) be required to pay a fine in the discretion of the Court; (5)  be required to pay restitution to the victim in the case in an amount to be determined at the sentencing hearing and; (6) pay a special assessment fee of $400. Except for any sentence imposed in excess of the applicable statutory maximum sentence(s) and any sentence that constituted an upward departure from the advisory guideline sentencing range calculated by the court, the Petitioner waived his right to appeal his conviction, as well as any fines, restitution, and/or sentence the court might impose and further waived his right to challenge any conviction or sentence imposed or the manner in which it was determined in any collateral attack.

The Petitioner's sentencing hearing was conducted on March 8, 2010. Judgment was entered on March 6, 2010. ECF No. 55. The Petitioner was committed to the custody of the BOP to be imprisoned for a term of 94 months as to Count Two and  94 months as to Count Three and a term of 52 months as to each of Counts One and Five (concurrently with one another), to be served consecutively to achieve a total punishment of 240 months. Upon release from imprisonment, the Petitioner is to be on

supervised release for a term of 36 months. He was also ordered to pay the United

States a special assessment of $400 and pay restitution to the victim in the amount of

$220,900, to State Farm in the amount of $11,000 and to Blue Cross Blue Shield in the

amount of $540,000.

On November 18, 2013, the Petitioner filed a Motion to Dismiss Criminal

Complaint/Indictment or Other appropriate Remedy. ECF No. 78. On November 20,

2013, the United States was ordered to respond to the motion. On December 5, 2013,

the Government filed its Response which requested that the motion be characterized as

a motion under 28 U.S.C. § 2255. In addition, the Government noted that once the

motion was characterized as filed pursuant to 28 U.S.C. § 2255, it should be dismissed

as untimely because it was filed within one year after the judgment became final. On

December 10, 2013, the Court entered an Order notifying the Petitioner that that it

would recharacterize his motion as a motion under 28 U.S.C. § 2255 and allowing him

30 days to withdraw or amend his motion. ECF No. 81. The Petitioner filed a response

in opposition to the Court's order on December 30, 2013. ECF No. 82. On January 14,

2014, the Court entered  an Order denying the § 2255 petition as untimely having been

filed more than two years after the statute of limitations period ended. ECF No. 83.

On July 31, 2017 filed a "Petition for Relief Under Plain Error Pursuant to Federal

Rules of Criminal Procedure 52(b)." ECF No. 86. Accompanying the petition were a

"Notice of Appeal" with respect to the petition and a motion for leave to appeal *in forma*

*pauperis*. ECF No. 87. On August 31, 2017, the district court concluded that the petition

must be construed properly as another motion pursuant to § 2255 and dismissed it as

successive for which the court of appeals had not provided authorization for filing. In

addition, the Court concluded that even if it had jurisdiction to adjudicate the petition, it was time-barred for the same reasons as his earlier § 2255. Finally, the court found that the petition was simply unmeritorious based on a factual misunderstanding of his convictions.

On September 19, 2017, the Court of Appeals for the Eleventh Circuit dismissed the appeal, *sua sponte* for lack of jurisdiction because the appeal was filed more than a month before the district court denied the petition thus rendering his appeal premature and not taken from an appealable final judgment or order. ECF No. 95.

### III. <u>STANDARD OF REVIEW</u>

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this

less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

## IV.   CLAIMS OF THE PETITION

The Petitioner raises four grounds for relief. First, he maintains that he was convicted of four counts of four counts of violating 922(g)(1) and the convictions were premised on "one episode of possession of firearms and ammunition. He then argues that he was convicted and sentenced separately for each weapon and ammunition based on the same source of conduct. Accordingly, the Petitioner alleges his multiple convictions violate double jeopardy.[2] Liberally construed, the Petitioner's second ground raises a claim of ineffective assistance of counsel. It appears that the Petitioner is alleging that his lawyer failed to challenge information provided by a confidential informant which could have established a defense. For his third ground, the Petitioner alleges that his lawyer abandoned him, coerced him into entering a guilty plea and failed to advise him of his right to appeal the results of  the suppression hearing or file an appeal on his behalf. Finally, the Petitioner alleges that the United States violated its obligations under the plea agreement by "declining to apply a three-level reduction

---

[2] The Petitioner was not convicted of four counts of being a felon in possession.  Only two of the counts he pleaded guilty to are for being a felon in possession. The other two counts were for conspiracy to violate federal firearm laws and for possession of an unregistered firearm (a homemade destructive device). Furthermore, the two counts of the indictment charging him with being a felon in possession relate to different firearms possessed on different dates in different counties.

pursuant to U.S.S.G. § 3E1.1.  For relief, the Petitioner requests that this Court vacate the convictions under 922(g). In the alternative, the Petitioner requests that this Court hold an evidentiary hearing to that he may prove his meritorious grounds for relief. Finally, he requests that the case be remanded for application of the reduction for acceptance of responsibility.

## V.    ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is

intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones at 333-34 (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of the substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler.  Id.

Although Petitioner has not raised the savings clause, he is not entitled to its application. First, to the extent that the Petitioner is challenging his conviction, even if he satisfied the first and third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of

Jones.[3]  To the extent the Petitioner is attempting to challenge his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner cannot meet the second element of the Wheeler test because he cites no change to the settled law which established the legality of his sentence, let alone a change that has been deemed to apply retroactively to cases on collateral review.

Consequently, because Petitioner attacks the validity of his conviction and sentence and fails to establish that he meets the Jones or Wheeler requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not

---

[3] The claims raised by the Petitioner do not remotely satisfy the savings clause. They are clearly allegations that were raised in his several motions filed with the sentencing court or should have been so raised.

exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: March 28, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE