IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL CLAYTON EARNEST,

    Petitioner,

v.                                     Civil Action No. 5:18CV214
                                               (STAMP)

JENNIFER SAAD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Michael Clayton Earnest ("Earnest"), filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241"). ECF No. 1. The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The magistrate judge filed a report and recommendation recommending that the petitioner's petition (ECF No. 6) be denied and dismissed without prejudice for lack of jurisdiction. ECF No. 6 at 10. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

required to file written objections within 14 days after being served with copies of the report. Id.

## II. Facts

The pro se petitioner is currently incarcerated at FCI Gilmer, where he is serving a sentence imposed by the United States District Court for the Northern District of Alabama. ECF No. 1 at 1-2. The petitioner filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241, in which he alleges that: (1) his conviction of four counts of violation of 18 U.S.C. § 922(g) were premised on one episode of possession of firearms and ammunition and that he was convicted and sentenced separately for each weapon and ammunition based on the same source of conduct, violating double jeopardy; (2) ineffective assistance of counsel, because his lawyer failed to challenge information provided by a confidential informant; (3) his lawyer abandoned him, coerced him into entering a guilty plea, and failed to advise him of his right to appeal the results of the suppression hearing or to file an appeal; and (4) the government violated its obligations under the plea agreement by declining to apply a three-level sentencing reduction under United States Sentencing Guideline § 3E1.1. Id. at 5-7. The petitioner requests that the Court "vacate the convictions under 922(g). In the alternative . . . that the Court hold an evidentiary hearing so that petitioner may further prove his meritorious grounds for relief, resolve any disputed facts, and expand an incomplete

record. 'Remand for acceptance of responsibility reduction.'." Id. at 8.

The petitioner also filed a motion for leave to proceed in forma pauperis. ECF No. 2.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety, and the petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) be denied as moot.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### IV. Discussion

In his report and recommendation, the magistrate judge first notes that although the petitioner has not raised the savings clause under 28 U.S.C. § 2255, the petitioner is not entitled to its application since petitioner cannot meet the second element under In re Jones, 226 F.3d 328 (4th Cir. 2000). Id. at 9. Specifically, petitioner would have had to show that "subsequent to the prisoner's direct appeal and first § 2255 motion, the

3

substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333-34. The magistrate judge also addressed whether the petitioner's petition would meet the four-part test established in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Id. at 9-10. The magistrate judge found that "[p]etitioner cannot meet the second element of the Wheeler test because he cites no change to the settled law which established the legality of his sentence, let alone a change that has been deemed to apply retroactively to cases on collateral review." Id. at 10. Therefore, the magistrate judge concluded that this Court lacks jurisdiction. Id. The magistrate judge thus recommends that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice for lack of jurisdiction. Id. at 11.

This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation. Moreover, because the petitioner's petition (ECF No. 1) is dismissed without prejudice, the petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is denied as moot.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge

4

(ECF No. 6) is hereby AFFIRMED and ADOPTED in its entirety. Specifically, the petitioner's petition (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE, and the petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is DENIED AS MOOT.

It is ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 23, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE